United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KEVIN MATTHEW ESSER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00045 |
| | § | |
| **KILOLO KIJKAZI,** | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the December 14, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 18). In the M&R, Magistrate Judge Libby reviewed the Acting Commissioner of the Social Security Administration's ("Commissioner") final decision,[1] as determined by an administrative law judge ("ALJ"), that Plaintiff Kevin Matthew Esser was not disabled. (*Id.*). Magistrate Judge Libby recommends that the Court deny Esser's Motion for Summary Judgment, (Dkt. No. 12),[2] grant the Commissioner's Motion for Summary

---

[1] Esser's appeal was originally directed at Andrew Saul, who was confirmed in 2019 to a six-year term as Commissioner of Social Security. President Biden removed Saul from office after the U.S. Department of Justice concluded that the term-protection on Saul's office is unconstitutional. *See* Morgan Chalfant, *Biden Fires Head of Social Security Administration*, Capitol Hill Publishing Corp. (July 09, 2021), https://thehill.com/homenews/administration/562342-biden-fires-head-of-social-security-administration/. As Acting Commissioner of the Social Security Administration, Kilolo Kijkazi is automatically substituted in Saul's place. *See* Fed. R. Civ. P. 25(d).

[2] Esser filed a brief in which he objected to the ALJ's findings. (Dkt. No. 12). The Magistrate Judge construed this as a motion for summary judgment. (Dkt. No. 18).

Judgment, (Dkt. No. 15), and dismiss this case. (Dkt. No. 18 at 1).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Esser filed timely objections. (Dkt. No. 19). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having conducted this review, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. Accordingly, the Court **DENIES** Esser's Motion for Summary Judgment, (Dkt. No. 12), **GRANTS** the Commissioner's Motion for Summary Judgment, (Dkt. No. 15), and **DISMISSES** this case.

## I.  LEGAL STANDARD

As the finder of fact, the ALJ "has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citation omitted). This Court cannot make credibility determinations nor reweigh the evidence. *See Randall v. Astrue*, 570 F.3d 651, 662 (5th Cir. 2009) (per curiam) (citation omitted). The Court's role is not to second-guess the weight given to various pieces of evidence; rather, the Court must determine whether the ALJ's decision is supported by substantial evidence. *Id.* at 662; *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016). "Substantial evidence is more than a scintilla, less than a preponderance, and is such that a reasonable mind might accept it as adequate to support a conclusion." *Randall*, 570 F.3d. at 662 (citations omitted).

## II. DISCUSSION

In the M&R, Magistrate Judge Libby correctly reviewed the ALJ's decision, asking whether the ALJ applied the proper legal standard and whether substantial evidence supports the ALJ's decision. (Dkt. No. 18 at 2–3); *see also Randall*, 570 F.3d at 662. In applying this standard, Magistrate Judge Libby scrutinized the record and determined that the ALJ's decision was supported by substantial evidence and comported with relevant legal standards. (*Id.* at 10–18).

Esser argues that Magistrate Judge Libby erroneously found that the ALJ's Residual Functional Capacity ("RFC") determination is supported by substantial evidence. (Dkt. No. 19 at 2). Esser argues that, during step two of the evaluation, the ALJ erred by finding that his headaches constituted a severe impairment but "incorporate[ed] no apparent limitations which may be related to headaches in his RFC determination." (*Id.* at 2–3). He points to Texas federal courts that "have held that such an inconsistency warrants remand." *Walker v. Colvin*, No. 3:14-CV-01498-L-BH, 2015 WL 5836263, at *15 (N.D. Tex. Sept. 30, 2015) (recognizing *Spears v. Barnhart*, 284 F. Supp. 2d 477, 483 (S.D. Tex. 2002) ("The ALJ, however, did not include any limitations—basically contradicting the fact that he found her impairments to be severe."); *accord Norman v. Astrue*, No. 5:10-CV-00849-XR, 2011 WL 2884894 (W.D. Tex. July 18, 2011). The Court disagrees.

"[T]he prevailing rule is that an ALJ does not err solely because [he or] she finds an impairment 'severe' at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC." *Sarah B. v. Berryhill*, No. 1:17-CV-00080, 2018 WL 3763837, at *8 (N.D. Tex. June 29, 2018) (second alteration in original), *rec.*

3

*adopted,* No. 1:17-CV-00080, 2018 WL 3756944 (N.D. Tex. Aug. 8, 2018). "In cases where reviewing courts have found that an ALJ did not err in finding severe impairments at step two and not attributing any limitation to those impairments in the RFC assessment, the ALJs considered the limitations that were encompassed by the severe impairments or accounted for the limitations in some respect before making a disability finding." *Campbell v. Berryhill*, No. 3:15-CV-03913, 2017 WL 1102797, at *11 (N.D. Tex. Feb. 24, 2017), *rec. adopted*, No. 3:15-CV-03913, 2017 WL 1091651 (N.D. Tex. Mar. 23, 2017).

Esser argues that the ALJ failed to "clearly consider the severe impairments in determining [his] RFC[.]" *Winston v. Berryhill*, No. 3:16-CV-00419-BH, 2017 WL 1196861, at *13 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018); (Dkt. No. 19 at 4–5). The record reflects that the ALJ expressly refers to Esser's statements regarding his headaches. (Dkt. No. 8–3 at 21) ("The claimant said that, off medications, he has headaches three to four times a week but, on medications, he has them three times a month."); *see also* (*id.* at 18–19, 22–23). In his decision, the ALJ clearly considered "the effect of headaches three times per month on [Esser's] ability to function in a work setting." (Dkt. No. 19 at 4); *see* (Dkt. No. 8–3 at 18) ("The above medically determinable impairments significantly limit the ability to perform basic work activities[.]").

Esser's claim that his headaches resulted in an "allege[d] disability," (Dkt. No. 8-3 at 21), are "subjective complaints [that must] be corroborated, at least in part, by objective medical findings." *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988). The ALJ found that Esser's statements were "not entirely consistent with the medical evidence and other evidence in the record[.]" (Dkt. No. 8–3 at 21); (*id.* at 19) ("The record does not document

4

the claimant's headaches at a frequency or a severity to equal section 11.02. . . . The record does not document these as an active, emergent concern during the period of alleged disability."). As the M&R lays out in detail, the ALJ's decision regarding limitations resulting from the severity of Esser's headaches is supported by substantial evidence. (Dkt. No. 18 at 13–15).

The ALJ clearly considered the severe impairments posed by Esser's headaches and is not required to "assess limitations for each severe impairment." *Winston*, 2017 WL 1196861, at *13; *see Sarah B.*, 2018 WL 3763837, at *9 ("Because the ALJ in this case expressly considered Claimant's severe migraine impairment when assessing her RFC, he did not err when he failed to attribute a specific limitation to that severe impairment. . . . The decision of the ALJ provides a sufficient explanation showing that he considered the severe impairment in making the RFC assessment notwithstanding the failure to specify a limitation directly attributable to her migraine headaches." (citation omitted)).

The ALJ's determination in the RFC contains no inconsistencies warranting remand. (Dkt. No. 19 at 4); *see Winston*, 2017 WL 1196861, at *14 ("[T]he ALJ considered the medical impairments from step two when she made her RFC determination and assessed Plaintiff's limitations based on their impact on her actual ability to do work. There is therefore no inconsistency between the ALJ's step two findings and her RFC determination."). Accordingly, the ALJ's decision stands. *See, e.g.*, *Martinez v. Astrue*, No. 2:10-CV-00102, 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011) ("Without some explanation in the record as to how plaintiff can suffer from a severe impairment . . . the

5

decision cannot stand."), *rec. adopted*, No. 2:10-CV-00102, 2011 WL 4336701 (N.D. Tex. Sept. 15, 2011); *Campbell*, 2017 WL 1102797, at *12 ("As in *Martinez*, the ALJ provided no explanation to show that he considered the severe impairment.").

## III. CONCLUSION

The ALJ applied the proper legal standard and issued a decision supported by substantial evidence. *See Randall*, 570 F.3d at 655. Esser's objection does not disturb that conclusion. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. (Dkt. No. 18). The Court **DENIES** Esser's Motion for Summary Judgment. (Dkt. No. 12). The Court **GRANTS** the Commissioner's Motion for Summary Judgment. (Dkt. No. 15). The Court **DISMISSES** this case.

It is SO ORDERED.

Signed on September 30, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

6